# STATE OF HAWAII *v.* MURPHY MOTORS, LIMITED, DOING BUSINESS AS ALOHA MOTORS.

## No. 4549.

DECEMBER 5, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ,
LEWIS, AND MIZUHA, JJ.

*Per Curiam.* On July 9, 1965, defendant placed help wanted advertisements with the Hawaii Newspaper Agency, which advertisements appeared in the Honolulu Advertiser and Honolulu Star-Bulletin on July 13, 1965. No statement was made in such advertisements that a strike was then in progress at defendant's plant.

The defendant was charged in the District Court of Honolulu for violation of Section 90C-1(e) of the Revised Laws of Hawaii 1955 (1963 Supp.). Defendant was adjudged guilty, as charged, by the district court, and appealed on points of law from the judgment and sentence directly to this court. § 208-1, R.L.H. 1955, as amended.

Section 90C-1(e), upon which the charge was based, was so numbered and set out in the 1963 Supplement to the Revised Laws of Hawaii 1955, after the enactment of Act 106, S.L.H. 1963, which provided in part:

"SECTION 1. Chapter 90, Revised Laws of Hawaii 1955, as amended, is hereby amended by adding a new section to be appropriately numbered and to read as follows:

"Section 90—    It shall be unlawful for any person:

\*          \*          \*          \*

"(e) To recruit, solicit, or advertise for employees, or refer persons to employment, in place of employees involved in a labor dispute, without adequate notice to such person, or in such advertisement, that there is a labor dispute at the place at which employment is offered and that the employment offered is in place of such employees involved in such labor dispute."

This appears in the 1963 Supplement R.L.H. 1955, as follows:

"§ 90C-1. Unlawful practices. It shall be unlawful for any person:

\*          \*          \*          \*

"(e) To recruit, solicit, or advertise for employees, or refer persons to employment, in place of employees involved in a labor dispute, without adequate notice to such person, or in such advertisement, that there is a labor dispute at the place at which employment is offered and that the employment offered is in place of such employees involved in such labor dispute."

The Revisor of Statutes appended a note reading as follows:

"L. 1963, c. 106, s. 1 provided that this section be added to chapter 90. Pursuant to § 1-55, the revisor has compiled this and following two sections under this new chapter 90C."

The parties have stipulated that production and maintenance employees of defendant are subject to the National Labor Relations Act pursuant to a certificate of results on an election conducted by the National Labor Relations Board in 1952.

Appellant contends that Section 90C-1 (e), R.L.H. 1955 (Act 106, S.L.H. 1963), is not applicable to employers advertising for employees subject to the National Labor Relations Act. We agree.

Chapter 90, R.L.H. 1955, relates only to the regulation of the relationships of employers and employees within the coverage of said chapter as defined in Section 90-2, "Definitions." Section 90-2 (c) clearly excludes from the definition of "employee" in Chapter 90, R.L.H. 1955, "* * * any individual subject to the jurisdiction of the * * * National Labor Relations Act, * * *." Pursuant to Act 106, S.L. 1963, the section upon which the charge was based was enacted as a part of Chapter 90, R.L.H. 1955. Accordingly, it is subject to the definitions therein.[1] See *Krepcik* v. *Interstate Transit Lines,* 154 Neb. 671, 48 N.W.2d 839.

By its terms, section 90C-1 (e) has no application unless there are "employees" involved in a labor dispute. Where the employees involved in the labor dispute are subject to the jurisdiction of the National Labor Relations Act, section 90C-1 (e) cannot apply by reason of the definition of "employee" in Chapter 90, section 90-2 (e). The term "labor dispute," defined by section 90-2 (h), leads to the same result, because the word "employee" is a key word in that definition.

Judgment reversed, and case remanded for dismissal of the charge.

*Ernest C. Moore, Jr.* (*Moore, Silberman & Schulz* of counsel), for defendant-appellant.

*Barclay Bryan,* Deputy Prosecuting Attorney (*John H. Peters,* Prosecuting Attorney with him on the brief), for plaintiff-appellee.

---

[1] The authority of the Revisor of Statutes, exercised pursuant to R.L.H. 1955, § 1-55 as set out in the Revisor's note above quoted, is limited by a proviso that the Revisor "shall not alter the sense, meaning or effect of any act."

The Revisor's note very properly gave warning that section 90C-1 had been enacted as part of Chapter 90.